UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED IN NEW YORK, NEW YORK,<br><br>Defendant.<br>_____<br>118 GREENE STREET (NYC) LLC,<br><br>Claimant. | No. CV 16-5375-DSF (PLA)<br><br>**<u>FIRST AMENDED CONSENT JUDGMENT OF FORFEITURE</u>**<br><br>[This Amended Consent Judgment is case-dispositive] |

Upon consideration of the Joint Stipulation for the entry of this First Amended Consent Judgment filed by the Plaintiff United States of America ("United States") and Claimant 118 GREENE STREET (NYC) LLC ("Claimant") (collectively, together with certain non-claimants who have agreed to be bound by this Judgment[1], the "Parties"),

---

[1] The non-claimant parties to the Stipulation seeking entry of this First Amended Consent Judgment are FFP (Cayman) Limited, FFP Trustee (NZ) Limited, and FFP (Directors) Limited, FFP (Corporate Services) Limited (collectively, "FFP"); and
*(footnote cont'd on next page)*

which First Amended Consent Judgment disposes of the entirety of this action, the Court HEREBY finds that FFP has petitioned the foreign courts in the relevant trust jurisdictions – New Zealand and/or Cayman Islands – for an order known as a "blessing order"; such blessing order has been obtained; and that blessing order authorizes FFP to forfeit or otherwise distribute the Defendant property or sales proceeds of such property to the United States in accordance with the orders of this Court; nothing precludes the Court from entering this First Amended Consent Judgment; and there is good cause for entering the First Amended Consent Judgment;

WHEREFORE, the Court HEREBY ORDERS, ADJUDGES AND DECREES that the Consent Judgment (Dkt. 143), incorporated herein by reference, is hereby amended as follows:

1. All right, title, and interest in and to the Defendant Real Property more particularly described as:

> The Condominium Unit (hereinafter referred to as the "Unit") known as Residential Unit No. 16 in the building (hereinafter referred to as the "Building") known as THE SOHO HERITAGE CONDOMINIUM and by the street number 114-116/118-120 Greene Street, Borough of Manhattan, City of New York, State of New York, said unit being designated and described as Art Gallery Unit No. 16 in a certain declaration dated 8/10/1989 made by grantor pursuant to Article 9-B of the Real Property Law of the State of New York (hereinafter referred to as the "Condominium Act"), establishing a plan for condominium ownership of the building and the land (hereinafter referred to as the "Land") upon which the building is situate (which land is more particularly described in Exhibit A annexed hereto and by this reference made a part thereof), which declaration was recorded in the New York County Office of the City of New York on 1/26/1990, in Reel 1661 Page 801 as amended by First Amendment dated 3/6/1992 recorded 3/12/1992 in Reel 1854 Page 1435 (which declaration and amendments thereto are hereinafter collectively referred to as the "Declaration"). The Unit is also designated as Tax Lot 1216 in Block 499 of Section 2 of the Borough of Manhattan on the Tax Map of the Real

---

beneficiaries Low Hock Peng, Goh Gaik Ewe, Low May Lin, Low Taek Szen, and Low Taek Jho (collectively, the "Low Family"). (Dkt. 141)

Property Assessment Department of the City of New York and on the Floor Plans of the Building, certified by Michael Lynn and Associates, on 12/15/1989, and filed with the Real Property Assessment Department of the City of New York on 1/22/1990 as Condominium Plan No. 685 and also filed in the City Register's Office on 1/26/1990 as Map No. 4966, as amended on 3/12/1992 as Map No. 5128;

Together with an undivided 8/17% respectively in the Common Elements (as such term is defined in the Declaration).

All that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County of New York, City and State of New York, bounded and described as follows:

Beginning at a point on the easterly side of Greene Street, distant 20 feet southerly from the corner formed by the intersection of the southerly side of Prince Street with the easterly side of Greene Street;

Running thence easterly on a line parallel with Prince Street, 50 feet;

Thence northerly on a line parallel with Greene Street, 20 feet to the southerly side of Prince Street;

Thence easterly along the southerly side of Prince Street, 50 feet;

Thence southerly and parallel with easterly side of Greene Street, 101 feet;

Thence westerly and parallel with the southerly side of Prince Street, 100 feet to the easterly side of Greene Street;

Thence northerly along the easterly side of Greene Street, 81 feet to the point or place of Beginning.

For Information Only: Premises also known as 118 Greene Street, New York, NY Block: 499, Lot: 1216

(hereinafter the "GREENE STREET Property"), and any and all monetary proceeds from income ("Income Proceeds") generated from the GREENE STREET Property, including but not limited to rental income, but excluding those used to pay for the costs and expenses of managing and maintaining the property in the ordinary course of

3

operation, is hereby forfeited to and title is vested in the United States; judgment is entered in favor of the United States; and any and all right, title, or interest in or to the GREENE STREET Property, or claims or potential claims to the GREENE STREET Property including those of 118 GREENE STREET (NYC) LLC, "FFP" and the "Low Family" are hereby released from the GREENE STREET Property.

2. This Judgment shall serve as the Order transferring title to the GREENE STREET Property from the titled owner 118 GREENE STREET (NYC) LLC to the United States.

3. The United States shall dispose of the GREENE STREET Property in accordance with law.

4. The May 31, 2019 Order for Interlocutory Sale of the GREENE STREET Property (the "Interlocutory Sale Order") (Dkt. 136) is hereby vacated, except that proceeds of the sale of the GREENE STREET Property shall be determined and distributed in accordance with Paragraph 6 of the Interlocutory Sale Order, incorporated herein by reference.

5. The terms of this First Amended Consent Judgment shall control in the event of any alleged conflict with any prior Stipulation or Order filed or entered in this action, including, without limitation, the Interlocutory Sale Order (Dkt. 136), the Stipulation to Enter Consent Judgment (Dkt. 141), and the Consent Judgment of Forfeiture (Dkt. 143).

6. All other terms of the Consent Judgment (Dkt. 143) remain unchanged.

//

//

//

//

7. The Court shall retain jurisdiction to enforce the terms of this order.

DATED: April 9, 2020

_Dale S. Fischer_
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DEBORAH CONNOR
Chief, MLARS
NICOLA T. HANNA
United States Attorney

*/s/ Michael R. Sew Hoy*
MICHAEL R. SEW HOY
JOHN J. KUCERA
Assistant United States Attorneys
WOO S. LEE
Deputy Chief, MLARS

Attorneys for Plaintiff
UNITED STATES OF AMERICA